UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Remus Townsend,** | ) | CASE NO. 1:15 CV 2469 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Cleveland Metropolitan School District,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Dismiss Claims Against Defendant Irene (Scherzer) Dunbrook (Doc. 5). Also pending is Plaintiff's Motion for Leave to File Amended Complaint, Instanter (Doc. 15). This is an employment discrimination case. For the reasons that follow, the motion to dismiss is GRANTED and the motion for leave to amend is DENIED.

**FACTS**

Plaintiff, Remus Townsend, filed this lawsuit against defendants Cleveland Metropolitan School District ("the School") and Irene Scherzer alleging wrongdoing in connection with

1

plaintiff's termination from employment.

Plaintiff began working for the School in 2003 as an Instructional Assistant. In 2011, plaintiff sprained his right finger while breaking up a fight at the School. Plaintiff took medical leave for this injury and filed a worker's compensation claim. His physician thereafter informed him that he could return to work with the restriction that he not be required to "break up student fights." Subsequently, plaintiff's supervisor, Captain Lamont Dodson, made unflattering comments to plaintiff about his worker's compensation claim. Dodson thereafter "wrote up" plaintiff for arguing with him. Plaintiff reported the discrimination to the School, but the School failed to conduct a proper investigation. The School suspended plaintiff shortly thereafter.

In 2013, plaintiff began to apply for jobs as a substitute teacher and Teacher Assistant. According to the complaint, the School denied plaintiff's applications because "breaking up student fights" was considered an essential job duty. In August of 2013, plaintiff requested paperwork to obtain leave from the school for his medical condition while he searched for another job opportunity. Plaintiff met with defendant Scherzer and informed her he would need "protected leave from work to recover as well as work on obtaining an accommodation from the school district." According to the complaint, defendant Scherzer informed plaintiff that the School "would not process his request for leave because he was being fired immediately because they would not provide an accommodation for his hand condition."

Thereafter, plaintiff filed this lawsuit asserting five claims for relief. Count one alleges "disability discrimination" under both federal and state statutory law against all defendants. Counts two through four are asserted against the School only. Count five is asserted against all defendants and alleges intentional infliction of emotional distress.

Defendant Scherzer moves to dismiss counts two and five and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

### **ANALYSIS**

1. ADA claim

Defendant moves to dismiss plaintiff's ADA claim on the grounds that the statute does not provide for personal liability.  Plaintiff does not respond to this argument.  Upon review, the Court agrees with defendant that defendant cannot be liable to plaintiff under the ADA.  *See, e.g., Mayes v. City of Oak Park*, 285 Fed. Appx. 261 (6th Cir. 2008)(affirming district court's determination that plaintiff could not assert claims for personal liability against defendants under the ADA and Title VII).

2. O.R.C. § 4412

Defendant argues that the complaint contains insufficient allegations to state a claim under O.R.C. § 4112.  In response, plaintiff argues that the Ohio Supreme Court recognized that a claim for "aiding and abetting" unlawful discrimination exists under O.R.C. § 4412.02(J).  According to plaintiff, the complaint contains sufficient allegations to state a claim under this provision.  Plaintiff also moves to amend the complaint to expressly allege that the claim is being pursued under O.R.C. § 4112.02(J).

Upon review, the Court finds that dismissal is warranted.  Both the Ohio Supreme Court and this Court have held that an individual can be held liable for his or her actions under § 4112.02(J).  *See, Hauser v. Dayton Police Dept.*, 17 N.E.2d 554 (Ohio 2014); *Woodworth v.*

4

*Time Warner Cable*, 2015 WL 6742085 (N.D. Ohio Nov. 2, 2015)(Gaughan, J.)  Under this provision, an individual is liable as an aider and abetter if he "knowingly does something which he ought not to do ... which assists or tends in some way to affect the doing of the thing which the law forbids."  *Id*. (Citations omitted).

Here, the complaint contains virtually no factual allegations directed at defendant Scherzer.  Other than alleging that defendant is an Ohio resident, a manager of the School, and acted within the scope of her employment, the only factual allegations directed at this defendant are as follows:

> 45. [Plaintiff] met with Irene Scherzera [sic] and informed her he would need protected leave from work to recover as well as work on obtaining an accommodation from the school district.
>
> 46. Scherzera [sic] informed [plaintiff] that [the School] would not process his request for leave because he was being fired immediately because they would not provide an accommodation for his hand condition.
>
> 47.  Scherzera's [sic] actions, coupled with the previous actions of [the School], clearly show [plaintiff] was terminated for his disability.

Other than acting as the School's mouthpiece and informing plaintiff that the School was terminating his employment, there are no allegations suggesting that Scherzer took any action whatsoever with respect to plaintiff.  Rather, the complaint is replete with allegations regarding what acts other employees engaged in towards plaintiff.  By way of example, plaintiff alleges that his supervisor, Captain Lamont Dodson, discriminated against him by accusing plaintiff of unlawfully taking money after he filed his worker's compensation claim.  Dodson threatened plaintiff and plaintiff reported the incident.  Plaintiff does not allege that defendant Scherzer played any part in these actions.  Similarly, plaintiff alleges that he was denied jobs as a substitute teacher and Teaching Assistant because "breaking up fights" was deemed an essential

5

job duty.  Again, however, plaintiff does not allege that defendant Scherzer had any involvement with these acts.  The Court finds that plaintiff's allegation that defendant Scherzer informed plaintiff that the School was terminating his employment and, therefore, it would not process his request for leave or provide an accommodation is in and of itself insufficient to state a claim for aiding and abetting liability under O.R.C. § 4112.02(J).  Because there are no other factual allegations directed at defendant Scherzer, defendants' motion to dismiss must be granted.[1]

    3.  Motion for leave to amend

Plaintiff moves for leave to amend the complaint in order to add allegations against defendant Scherzer.  Those allegations, however, are still insufficient to state a claim for personal liability.  It appears that paragraphs 48 and 62 in the proposed amended complaint are the only new allegations made against defendant Scherzer.  Those allegations, however, contain no factual information.  Rather, plaintiff simply alleges that the aforementioned acts "demonstrate that [defendant Scherzer] knowingly or intentionally aided [and] abetted... in terminating [plaintiff] for his disability" and that by so doing, defendant Scherzer violated § 4112.02(J).  The addition of these legal conclusions are still not sufficient to state a claim for aiding and abetting liability under Ohio law.  Therefore, the amendment would be futile.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Claims Against Defendant

---

[1] The Court further finds that these allegations are insufficient to state a claim for intentional infliction of emotional distress because the facts alleged in the complaint do not suggest conduct on the part of defendant Scherzer that rises to the level of "extreme and outrageous" such that liability could attach. *See Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir.1999).

Irene (Scherzer) Dunbrook (Doc. 5) is GRANTED and Plaintiff's Motion for Leave to File Amended Complaint, Instanter (Doc. 15) is DENIED.

     IT IS SO ORDERED.

                                           /s/ Patricia A. Gaughan
                                           PATRICIA A. GAUGHAN
                                           United States District Judge

Dated: 4/28/16